**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MICHAEL OSTER, | No. 13-15791 |
| Plaintiff - Appellant, | D.C. No. 2:12-cv-01264-JAM-AC |
| v. | |
| COUNTY OF SOLANO; SOLANO COUNTY SHERIFF'S DEPARTMENT; DOES, 1 through 50, inclusive, | MEMORANDUM* |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
John A. Mendez, District Judge, Presiding

Argued and Submitted March 10, 2015
San Francisco, California

Before: BERZON, BYBEE, and OWENS, Circuit Judges.

Plaintiff-Appellant Michael Oster appeals the district court's dismissal of his

First Amended Complaint under Federal Rule of Civil Procedure 12(b)(6).  We

have jurisdiction under 28 U.S.C. § 1291, and we affirm in part and reverse in part.

The district court properly dismissed Oster's claim of municipal liability

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

under *Monell v. Department of Social Services*, 436 U.S. 658 (1978), and did not abuse its discretion in denying leave to amend that claim. Oster failed to allege any facts that would plausibly support his claim of "an unofficial yet distinct departmental policy" allowing supervising officers to act unlawfully, and he has not shown that he could cure this deficiency if given an additional opportunity.

The district court abused its discretion, however, in declining to give Oster leave to amend his First Amendment retaliation claim on the ground that any further amendment would be futile. As the district court acknowledged, Oster could have cured the pleading's defect—that is, the pleading's vagueness as to the content of his letters to elected officials—had he simply attached the letters to his First Amended Complaint. Because Oster can still cure this deficiency by attaching the letters to a proposed second amended complaint, and because neither we nor the district court is in a position to say before seeing the letters whether they plausibly indicate that Oster's speech was on a matter of public concern, we cannot say that amendment is necessarily futile. It was thus improper for the district court to deny leave to amend this claim without first reviewing the intended amendment. *See Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

Accordingly, we affirm the district court's dismissal with prejudice of Oster's *Monell* claim, reverse the district court's denial of leave to amend Oster's First Amendment retaliation claim, and remand for proceedings consistent with this disposition.[1]

**AFFIRMED in part; REVERSED in part.**

Each party shall bear its own costs on appeal.

---

[1]We note that if Oster claims in his second amended complaint that Defendants retaliated against him by causing him to be wrongfully arrested and prosecuted for workers' compensation fraud, he must plausibly allege that Defendants lacked probable cause to believe Oster had committed workers' compensation fraud. *Cf. Lacey v. Maricopa Cnty.*, 693 F.3d 896, 917 n.8, 918–920 (9th Cir. 2012) (en banc) (noting that lack of probable cause is a required element of a false arrest and malicious prosecution claim).